# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| **Plaintiff,** | )<br>) Civil Action No. 13-cv-4099 |
| v. | )<br>)<br>) |
| TRINITY MEDICAL CENTER, | )<br>) **Equitable Relief Is Sought** |
| **Defendant.** | )<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to a group of aggrieved individuals who were adversely affected by such practices ("Affected Employees"). The U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant Trinity Medical Center ("Defendant" or "Trinity") discriminated against the Affected Employees by subjecting them to sexual harassment, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Central District of Illinois.

**PARTIES**

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a not-for-profit organization doing business in the State of Illinois and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

**STATEMENT OF CLAIMS**

6. More than thirty (30) days prior to the institution of this lawsuit, a charge of discrimination was filed with the Commission alleging that Defendant violated Title VII by subjecting an employee to, among other things, unlawful sexual harassment.

7. On November 9, 2011, the EEOC determined that there is reasonable cause to believe that Defendant discriminated against a class of female employees because of their sex, in violation of Title VII, by subjecting them to a sexually hostile work environment.

8. Prior to institution of this lawsuit, the Commission attempted to eliminate the unlawful employment practices alleged below through informal methods of conciliation, conference, and persuasion:

    a)    On November 9, 2011, the Commission invited Defendant to engage in informal conciliation efforts to eliminate the practices the Commission found unlawful.

    b)    During the period November 9, 2011, to August 7, 2012, the Commission and Defendant engaged in such informal efforts.

    c)    On August 7, 2012, the Commission determined that it was unable to obtain an agreement acceptable to the Commission by informal methods of conciliation, conference, and persuasion, and concluded those efforts.

9.    All conditions precedent to the institution of this suit have been fulfilled.

10.    Since at least 2009, Defendant has engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a). These practices include, but are not limited to:

    a)    subjecting the Affected Employees to sexual harassment in 2009 and/or 2010 at Defendant's Rock Island, Illinois hospital facility, by one of Defendant's employees, Chace De La Vega, including offensive and unwelcome physical contact and comments of a sexual nature; and

    b)    failing to take prompt and effective action to remedy that sexual harassment, about which Defendant knew or should have known, either because of complaints from employees or because of its open and widespread nature (or both).

11.    The effect of the practices complained of above has been to deprive the Affected Employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

12. The unlawful employment practices complained of above were intentional.

13. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Affected Employees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of sex and/or retaliation;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of sex and which eradicate the effects of its past and present unlawful practices;

C. Order Defendant to make whole the Affected Employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

D. Order Defendant to make whole the Affected Employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

E. Order Defendant to pay punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

F. Grant such further relief as the Court deems necessary and proper in the public interest; and

G. Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date: November 7, 2013                     Respectfully submitted,

           P. DAVID. LOPEZ
           General Counsel

           JAMES L. LEE
           Deputy General Counsel

           GWENDOLYN YOUNG REAMS
           Associate General Counsel

           U.S. Equal Employment Opportunity Commission
           131 M. Street, N.E.
           Washington, D.C. 20507

           s/ John C. Hendrickson
           John C. Hendrickson
           Regional Attorney

           s/ Gregory M. Gochanour
           Gregory M. Gochanour
           Supervisory Trial Attorney

           s/ Laurie Elkin
           Laurie Elkin
           Trial Attorney

           s/ Justin Mulaire
           Justin Mulaire
           Trial Attorney

           U.S. Equal Employment Opportunity Commission
           Chicago District Office
           500 West Madison Street, Suite 2000
           Chicago, Illinois 60661
           (312) 869-8045
           justin.mulaire@eeoc.gov